IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, | § § § | |
| *Plaintiff,* | § § | NO. 1:09-cv-958 |
| vs. | § § § | |
| NEW HORIZON PRODUCTS, LLC, ERIC HALE WHEELER, LEE BURNS, MARIA LUISA ROCHA, INDIVIDUALLY AND AS NEXT FRIEND OF E. R., AND M.R., MINOR CHILDREN, AND AS THE REPRESENTATIVE OF THE ESTATE OF MARTIN ROSAS, JESUS ROSAS, MARIA DE JESUS ALLALA PANIAGUA, GUMECINDO BERNABE ROSAS, AND WESTERN HERITAGE INSURANCE COMPANY, | § § § § § § § § § § § § § | (JURY DEMANDED) |
| *Defendants.* | § | |

## MOTION TO DISMISS AS AUTHORIZED BY THE DECLARATORY JUDGMENT ACT AND UNDER RULE 12(b)(6) AND 12 (b)(7)

COMES NOW, the Defendants, New Horizon Products, LLC, Eric Hale Wheeler, and Lee Burns (hereinafter the "New Horizon Defendants"), and files this, their Motion to Dismiss As Authorized by the Declaratory Judgment Act, Rules of Comity, and Abstention, and pursuant to Rule 12(b)(6) and Rule 12(b)(7) and would show unto the court as follows:

### A. Introduction

1.      This is a declaratory judgment action filed by Employer's Mutual Casualty Insurance ("EMC") wherein EMC is attempting to deny its obligations and duties to defend and indemnify the New Horizon Defendants from claims and damages being

sought in an underlying state court suit.  EMC issued a Commercial General Liability Policy.  EMC is also asking this court to declare certain rights, obligations, and duties of Western Heritage Insurance Company ("Western") under a Western Commercial General Liability Policy.

2.      A parallel previously filed state court suit involving issues affecting the insurance policies is currently pending in the Newton County District Court, in a case styled *Maria Luisa Rocha, individually and as next friend of E. R. and M. R., minor children, and as the representative of the Estate of Martin Rosas, Jesus Rosas, Maria de Jesus Allala Paniagua, and Gumecindo Bernabe Rosas v. New Horizon Product, LLC, Eric Hale Wheeler and Lee Burns*, in the District Court of Newton County, Texas, bearing cause number 12782 (the "underlying lawsuit").

3.      The New Horizon Defendants seek dismissal of the claims and file this motion to dismiss.

## B.  Argument

4.      The Declaratory Judgment Act, 28 USC § 2201(a), is an "enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Wilton v. Seven Falls Co.,* 575 U.S. 277, 287, 115 S.Ct. 2137, 2143 (1995).  As stated in *Wilton*, "[t]he Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* 515 U.S. at 286, 115 S.Ct. at 2142.  See also, *Brillhart v. Excess Ins. Co. of America*, 316 U.S.  491, 495 (1492); *Magnolia Marine Transport Co. Inc. v. Laplace Towing Corp. et.al.,* 964 F.2d 1571, 1581 (5th Cir. 1992).

2

5.      In deciding whether to hear or to dismiss a declaratory judgment action, the court should examine the facts of the particular case and determine (1) if the declaratory action is justiciable, (2) if the court has authority to grant declaratory relief, and (3) if the court should exercise its discretion and dismiss the claim. *Orix Credit Alliance, Inc. v. Wolfe,* 212 F.3d 891, 895 (5th Cir. 2000).

6.      A court should exercise its discretion in accord with the overall purposes of the Act and avoid needless determinations of state law issues, and duplicative litigation or the possibility of inconsistent results.  *Brillhart*, 316 U.S. at 495; *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 390-91 (5th Cir. 2003).

7.      In the case at bar, the underlying state court suit will address factual and legal issues which may affect or possibly control the determination of the coverage claims, and therefore this court should exercise its discretion to dismiss the declaratory judgment action in favor of the first filed underlying state court suit.

8.      Furthermore, if there are parties missing from the declaratory judgment action then the court should abstain from ruling upon the action or exercising jurisdiction on such matters.  Southern Owners Insurance Company ("Southern"), an insurer that issued Worker's Compensation and  Employer's Liability Insurance Coverage would be a **necessary party** under Rule 19(a)(1).  Because EMC failed to join Southern, this declaratory judgment should be dismissed under Rule 12(b)(7) or the court should exercise its discretion to abstain.  When necessary parties like Southern are absent from a declaratory judgment action it will mean there will be additional piecemeal or duplicative claims or litigation.  This raises concerns of comity and further lends itself to inconsistent

results, especially in cases involving state law.  *See, Sherwin-Williams*, 343 F.3d at 390-91.

9.      On or about July of 2008, New Horizon had certain insurance policies and protections in place.  New Horizon purchased a Business Protection Policy and a General Liability Insurance Policy from EMC.  Further, New Horizon purchased a Commercial Policy Packet from Western Heritage.  And, New Horizon purchased certain other insurance from other insurance providers, including a Worker's Compensation and Employers' Liability policy and protection from Southern-Owners Insurance Company.  All of the insurance policies and protections were issued to New Horizon.

10.     On or about January 12, 2009, the underlying suit was filed.  In the live Petition currently on file in the underlying suit, a copy of which is attached hereto as Exhibit "1," plaintiffs therein alleged negligence claims against the named defendants.

11.     The New Horizon Parties duly and timely notified EMC and Western Heritage of the claims and underlying suit and requested a defense and indemnity under the insurance policies.

12.     However, EMC waited until November 11, 2009, to file this declaratory judgment action.  In the underlying suit pending in the Newton County District Court, the parties thereto have engaged in written discovery and taken various depositions.  This declaratory judgment action is based upon the same facts as the underlying state court suit.  Nothing in the request for declaratory relief is unique or would require special expertise in federal court and based upon the pleadings currently on file, it would be premature for the court to attempt to resolve the duties and obligations of the insurers under the policies.

13. The duty to defend and the duty to indemnify are two separate duties. "An insurer must defend its insured if a plaintiff's factual allegations potentially support a covered claim, while the facts actually established in the underlying suit determine whether the insurer must indemnify its insured." *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 490 (Tex. 2008). Therefore, it is possible that an insurer may have a **duty to defend** its insured, without a corresponding obligation to indemnify. *Id*. at 490-91. Texas and Florida both follow the "eight-corners rule", which provides that that "an insurer's **duty to defend"** is determined by looking at the insurance policy and the live pleading filed by the third-party in the underlying suit, without regard to the truth or falsity of the allegations therein. *Id*. at 491. Further, the court should not look at matters outside the pleading and must construe the pleading liberally, and resolve all doubts regarding the duty to defend in favor of the insured. *Id*.; *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141-42 (Tex. 1997). If the petition in the underlying suit does not state facts sufficient to clearly establish there is no coverage, "the general rule is that the insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage of the policy." *Id*.

14. The EMC insurance policy is Commercial General Liability Insurance Policy. A true and correct copy of the policy that New Horizon received from EMC is attached hereto as Exhibit "2." Western Heritage also issued an insurance policy to protect New Horizon. A true and correct copy of the policy that New Horizon received from Western is attached hereto as Exhibit "3." From the reading of the applicable insurance policies and the underlying Petition in the state court suit it is clear that as a matter of law plaintiff owes a duty to defend the New Horizon parties from the

negligence claims that have been asserted in the underlying suit and the declaratory judgment should be in all things denied.

15.     It would be improper for this court to engage in an exercise to determine, or otherwise entertain or review any extrinsic evidence concerning whether Martin Rosas was an "employee" of New Horizon at the time of the alleged accident or whether he was merely a "temporary worker" or whether he held some other status when the alleged accident occurred.   The allegations in the underlying Petition should not be debated in a declaratory judgment action between insurers and insured.  *GuideOne Elite Insurance Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 307-310 (Tex. 2006).  Yet, that is exactly what EMC has asked the court to do.

16.     EMC and Western Heritage cannot prove any set of facts that would relieve them of their duty to defend the underlying suit or their duty to indemnify under the applicable policies.  As a matter of law, this court should either dismiss the declaratory judgment action and abstain from engaging in such speculation, or alternatively find that as a matter of law both EMC and Western owe a duty to defend and indemnify the New Horizon Defendants.

17.     The EMC policy was issued in Florida to a Florida company and to the extent EMC is attempting to rely upon a particular exclusion within the policy this court will also need to examine and apply Florida Law.

18.     To the extent that EMC or Western are attempting to rely upon exclusionary provisions in the policies, or terms, or conditions or definitions that are ambiguous, then such should be construed in favor of the New Horizon Parties.  Further, to the extent the insurance carriers are attempting to rely upon what EMC has alleged is

an "Employer's Liability" Exclusion in the commercial general liability policy, EMC has failed to include other relevant provisions of the policy.  To the extent Mr. Rosas was a "temporary worker" the exclusion does not apply.  *See e.g., National Indemnity Company, Inc. v. Landscape Management Company, Inc.*, 963 So.2d 361 (Florida App. 4th Dist. 2007) (a temporary worker is not excluded from coverage under a general liability policy, the temporary worker exception applied). (See Exhibit "4," a copy of the National Indemnity Case)

19.     Furthermore, the "separation of insureds" provision in the EMC and Western Heritage policy would require separate application to each insured against whom a claim is made.  And, there is no allegation in the underlying suit that Mr. Rosas was an "employee" of any of the New Horizon Parties.  And, the facts relating to that issue have not yet been fully developed or determined in the underlying suit.

WHEREFORE PREMISES CONSIDERED, this court should dismiss the declaratory judgment action.

Respectfully submitted,

*/s/ Michael J. Truncale*

Michael J. Truncale
Texas State Bar No.  20258125
ORGAIN BELL & TUCKER, LLP
Leanne Johnson
Texas State Bar No. 10763950
P.O. Box 1751
Beaumont, TX  77704
Telephone:  (409) 838-6412
Facsimile:  (409) 838-6959
Email: mjt@obt.com

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on February 7, 2010, constituting service on all counsel who have consented to electronic service via the Court's CM/ECF system.  All other counsel not deemed to have consented to service in such manner will be served with a copy of the foregoing via facsimile or first class mail

*/s/ Michael J. Truncale*

_____

Michael J. Truncale