IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EMPLOYERS CASUALTY INSURANCE COMPANY | § § § | |
| *Plaintiff* | § § | |
| Vs. | § § | Case No. 1:09-cv-958 |
| NEW HORIZONS PRODUCTS, LLC, ERIC HALE WHEELER, LEE BURNS, MARIA LUISA ROCHA, INDIVIDUALLY AND AS NEXT FRIEND OF E.R. AND M.R., MINOR CHILDREN, AND AS THE REPRESENTATIVE OF THE ESTATE OF MARTIN ROSAS, JESUS ROSAS, MARIA DE JESUS, ALLALA PANIAGUA, GUMECINDO BERNABE ROSAS, WESTERN HERITAGE INSURANCE COMPANY, AND SOUTHERN OWNERS INSURANCE COMPANY | § § § § § § § § § § § § § § § | |
| *Defendants* | § | |

## DEFENDANT SOUTHERN-OWNERS INSURANCE COMPANY'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant, Southern-Owners Insurance Company ("Southern-Owners"), files this, its Motion to Dismiss for Lack of Personal Jurisdiction, as authorized by Federal Rule of Civil Procedure 12(b)(2).

## INTRODUCTION

1. Plaintiff is Employers Casualty Insurance Company; Defendant is Southern-Owners.

2.      Plaintiff sued Defendant in a declaratory judgment action relating to coverage under Southern-Owners' policy number 071722 78002358 (the "Policy") issued to New Horizon Products, LLP ("New Horizon").

3.      Southern-Owners is a nonresident of Texas and has no purposeful contacts with Texas. Southern-Owners is a corporation that does not do business in Texas. Southern-Owners is a subsidiary of Auto-Owners Insurance Company, a Michigan insurance company with its principal place of business in Lansing, Michigan.

## SUMMARY OF THE ARGUMENT

4.      The Court lacks personal jurisdiction over Southern-Owners and dismissal is proper. The Court does not have specific jurisdiction over Southern-Owners because Southern-Owners has not purposefully availed itself of Texas, and has not sought any benefit, advantage, or profit from Texas. Southern-Owners issued the Policy to New Horizon in Florida, and provided coverage in Florida only. The Policy provides absolutely no coverage in Texas. New Horizon's unilateral decision to have an employee present in Texas at the time of the accident does not constitute specific jurisdiction.

5.      Furthermore, dismissal is proper because the Court lacks general jurisdiction over Southern-Owners because it has not had any contacts with the State of Texas, let alone continuous and systematic contacts. Southern-Owners has no agent, office, employees, clients, telephone listings, property or bank accounts in Texas. Likewise, Southern-Owners does not issue any insurance policies in Texas, as it is not licensed to write insurance in Texas. Accordingly, Southern-Owners does not have minimum contacts with Texas, and any exercise of jurisdiction by this Court would violate fair play and substantial justice.

## ARGUMENT & AUTHORITIES

6. The Texas long-arm statute governs Texas courts' exercise of jurisdiction over nonresident defendants "doing business" in Texas. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 17.041-.045. The long-arm statute's "doing business" requirement is broad, and is limited only by the requirements of federal due process guarantees. *Schlobohm v. Schapiro,* 784 S.W.2d 355, 357 (Tex.1990). Therefore, when the exercise of personal jurisdiction comports with federal due process limitations, requirements of the Texas long-arm statute are satisfied. *Guardian Royal Exch. Assur., Ltd. v. English China Clays, P.L.C.,* 815 S.W.2d 223, 226 (Tex.1991).

7. With respect to personal jurisdiction, federal courts do not have jurisdiction over a nonresident defendant unless the nonresident defendant has purposefully established "minimum contacts" with the forum state and the exercise of jurisdiction comports with "fair play and substantial justice." *Burger King v. Rudzewicz*, 471 U.S. 462, 474 (1985); *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286 (1980). A nonresident establishes minimum contacts by purposefully availing itself of the privileges and benefits inherent in conducting business within the state. *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex.2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76 (1985)); *Asahi Metal Indus. Co. v. Superior Ct. of Cal., Solano County*, 480 U.S. 102, 109 (1987). Requiring purposeful availment ensures that the nonresident's connections derive from its own purposeful conduct, and not the unilateral actions of the plaintiff or third parties. *Guardian Royal,* 815 S.W.2d at 227-28. Personal jurisdiction, therefore, does not emerge from the nonresident's random, fortuitous, or attenuated contacts with the forum, or from another's acts. *Id.* at 226. Rather, the nonresident, itself, must take some action or engage in some conduct creating its own

3

"substantial connection" with the forum state. *Id.* (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-72, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

8. Minimum contacts cannot be established unless the Court determines it has either specific or general jurisdiction over Southern-Owners. General jurisdiction exists if the defendant's contacts with the forum state are continuous and systematic. *Moki Mac River Expdeitions v. Drugg*, 221 S.W.3d 569, 575 (Tex.2007). Specific jurisdiction arises when the defendant's alleged liability arises from or is related to an activity conducted within the forum. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 796 (Tex.2002). "For a nonresident defendant's forum contacts to support an exercise of specific jurisdiction, there must be a substantial connection between those contacts and the operative facts of the litigation. *Moki Mac*, 221 S.W.3d at 585.

### A. Southern-Owners Does Not Have Minimum Contacts With The State Of Texas

#### 1. *The Court does not have specific jurisdiction over Southern-Owners*

9. The Court cannot exercise specific jurisdiction over a defendant unless the defendant's activities were purposefully directed at Texas and this litigation results from or relates to those activities. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Purposeful availment is the touchstone of the jurisdictional due process analysis. *Asahi,* 480 U.S. at 109-10; *Burger King,* 471 U.S. at 474. A nonresident defendant's activities must be purposefully directed toward the forum state so that the nonresident defendant could foresee being haled into court there. *See Burger King,* 471 U.S. at 474; *World-Wide Volkswagen,* 444 U.S. at 297. There are three parts to a purposeful availment inquiry: (1) only the nonresident defendant's contacts with the forum are relevant, not the unilateral activity of another party or a third person; (2) the contacts relied on must be purposeful rather than random, fortuitous, or

4

attenuated; and (3) the nonresident defendant must seek some benefit, advantage, or profit by availing itself of the jurisdiction. *Burger King,* 471 U.S. at 474-75; *Moki Mac,* 221 S.W.3d at 575; *Michiana,* 168 S.W.3d at 784-85.

10. In the present case, the Court cannot exercise specific jurisdiction over Southern-Owners because it has not purposefully directed any activity towards Texas whatsoever. The Policy was issued in Florida by Southern-Owners to New Horizon, Perry, Florida, who applied for coverage only in Florida.[1] The Policy at issue clearly states that workers' compensation coverage applies *only* in the Florida, and goes on to list all other states where additional coverage applies.[2] Texas is not included in this list, and coverage is not afforded for any accident or occurrence in Texas.[3] Rather, the policy purposefully *excludes* the State of Texas from its list which dictates where coverage applies, as Southern-Owners is not licensed to issue insurance in Texas.[4] Southern-Owners has not sought any benefit, advantage or profit from Texas; alternatively, it had absolutely no reason to believe that it would ever be haled into Texas court as a result of issuing the Policy to New Horizon, LLP, as the policy does not provide coverage for accidents or occurrences in Texas.

11. The only connection Southern-Owners has with Texas was caused unilaterally by its insured. New Horizon's unilateral decision to have an employee present in Texas at the time of the accident is not enough to constitute specific jurisdiction. *See Assurances Generales Banque Nationale v. Dhalla*, 282 S.W.3d 688, 699 (Tex.App. – Dallas 2009, no pet.) (finding the insured's decision to be present in Texas at the time of an automobile accident did not show that the insurer purposefully directed itself towards Texas) (citing *World-Wide Volkswagen*, 444 U.S.

---

[1] *See* copy of Southern-Owners' insurance policy issued to New Horizons, LLP, which is attached hereto as Exhibit A; *see also* Affidavit of Simone White, which is attached hereto as Exhibit B.
[2] *See* Exhibit A, p.3.
[3] *See* Exhibit A, p.3.
[4] *See* Exhibit B, ¶ 6.

at 298). The unilateral decision by New Horizon to venture into Texas and conduct business activities there does not provide for specific jurisdiction over Southern-Owners in Texas. *See id.* Furthermore, New Horizon purchased the policy at issue in Florida and the policy only provided coverage in Florida.[5] New Horizon did not apply for coverage in Texas, nor did it receive coverage in Texas under the Policy.[6] Because of this, it is apparent that the only contact created between Southern-Owners and the State of Texas is random and fortuitous, as it was not aware that its insured engaged in business in Texas and the policy at issue does not provide for any coverage in Texas. Accordingly, Southern-Owners has not sought any benefit, advantage or profit from Texas, and had no reason to believe it would be brought into court in Texas. The court lacks specific jurisdiction over Southern-Owners and Southern-Owners' Motion to Dismiss should be granted. *See Burger King,* 471 U.S. at 474-75; *Moki Mac,* 221 S.W.3d at 575; *Michiana,* 168 S.W.3d at 784-85.

2. *The Court does not have general jurisdiction over Southern-Owners*

12. The Court also lacks general jurisdiction over Southern-Owners. Texas courts cannot exercise general jurisdiction over a nonresident defendant unless the nonresident defendant has continuous and systematic contacts with Texas. *BMC Software*, 83 S.W.3d at 796; *Guardian Royal Exch. Assur., Ltd. v. English China Clays, P.L.C.,* 815 S.W.2d 226, 230 (Tex.1991); *see also Helicopteros Nacionales*, 466 U.S. at 416. Accordingly, Texas courts often consider "the lack of an office, agent, or the solicitation of business as determinative to the exercise" of general jurisdiction. *James v. Ill. Cent. R.R.,* 965 S.W.2d 594, 598 n. 1 (Tex.App.-Houston [1st Dist.] 1998, no pet.) (citing *Nat'l Indus. Sand Ass'n v. Gibson,* 897 S.W.2d 769, 772-74 (Tex.1995) (finding no general jurisdiction when defendant never maintained office or

---

[5] *See* Exhibit B, ¶ 5.
[6] *See* Exhibit B, ¶ 4.

other place of business in Texas and had no agents in Texas); *Allen v. Havens,* 2007 WL 805477 (Tex.App. – Fort Worth 2007, rehearing overruled) (ruling no jurisdiction when defendant did not regularly transact business or contract to supply services or goods in Texas or to any Texas resident, had not appointed a registered agent for service of process, had not obtained a certificate to do business in Texas, never maintained an office in Texas, never owned or leased real or personal property in Texas, and did not have an address or a phone number in Texas); *International Turbine Service, Inc. v. Lovitt*, 881 S.W.2d 805, 809-10 (Tex.App. – Fort Worth 1994, rehearing denied) (finding a lack of general jurisdiction even when the defendant held a nonresident insurance license in Texas and a small portion of its business was performed in Texas).

13. In the present case, Southern-Owners maintains its principal place of business in Michigan.[7] Southern-Owners is not a Texas insurance company. It does not maintain an agent for service of process in the State of Texas, does not have an office in Texas, and has no employees, agents, or servants in Texas.[8] Furthermore, Southern-Owners has not issued any insurance policies in Texas, does not provide any coverage in Texas, has never written any insurance in Texas and is not licensed to write insurance in Texas, has no clients in Texas, has no telephone listings or commercial directory in Texas, does not have a bank account in Texas, does not advertise in Texas, and does not own any property in Texas.[9] Accordingly, it is evident that Southern-Owners has not reached to create continuing relationships and obligations with citizens of Texas. As a result, Southern-Owners cannot be subject to the jurisdiction of Texas. *See Michiana Easy Livin' Country, Inc. v. Holten,* 168 S.W.3d 777, 785 (Tex.2005). If Southern-

---

[7] *See* Exhibit B, ¶ 3.
[8] *See* Exhibit B, ¶ 7.
[9] *See* Exhibit B, ¶ 7.

Owners were haled into Texas court, it would be based solely on contacts that are "random, isolated, or fortuitous," which cannot be allowed. *Id.*

### B. Exercising Personal Jurisdiction Over the Defendants Does Not Comport With Fair Play and Substantial Justice

14. Where no minimum contacts exist, as established above, there is no jurisdiction and, therefore, the court need not consider whether the assertion of jurisdiction comports with the notions of fair play and substantial justice. *See Reyes v. Marine Drilling Companies, Inc.*, 944 S.W.2d 401 (Tex.App.—Houston [14th Dist.] 1997, no writ) (citing *Burger King Corp.*, 471 U.S. at 475-76). However, even if this Court were to consider the issue, it would find that the assumption of jurisdiction over Southern-Owners will offend traditional notions of fair play and substantial justice and will be inconsistent with the constitutional requirements of due process. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Guardian Royal*, 815 S.W.2d at 231. Southern-Owners has never sought the benefits or protections of the laws of the State of Texas and had no reason to foresee that it would be hailed into court in a foreign jurisdiction where it had transacted no business and had no purposeful contacts or activities. Moreover, the exercise of jurisdiction over Southern-Owners would be unfair because it would place an extraordinary burden on Southern-Owners for various reasons, including the difficulties associated with presenting its witnesses in Texas, the burden of transporting all relevant business records to Texas, and the cost of defending itself in a foreign state with which it has no contacts. Southern-Owners has no agents, employees, or offices in Texas, and any and all of their representatives and employees who may be relevant to this lawsuit would have to travel to Texas. Ultimately, the exercise of jurisdiction over Southern-Owners is unfair because it is contrary to the fundamental social policies which form the basis of this state's jurisdictional statutes.

WHEREFORE, Southern-Owners Insurance Company requests the Court grant its Motion to Dismiss and dismiss the claims against Southern-Owners due to lack of personal jurisdiction.

    Respectfully Submitted,

    By: /s/W. Montgomery Briscoe_____
       W. Montgomery Briscoe
       State Bar No. 03014500
       Keith A. Laughery
       State Bar No. 24053316
       Stephanie E. Howell
       State Bar No. 24065453

**EGGLESTON & BRISCOE, LLP**
4800 Three Allen Center
333 Clay Street
Houston, Texas 77002
Telephone: (713) 659-5100
Fax: (713) 951-9920
wmb@egglestonbriscoe.com

ATTORNEYS FOR DEFENDANT
SOUTHERN-OWNERS INSURANCE
COMPANY

**CERTIFICATE OF SERVICE**

      I certify that a true and exact copy of the foregoing has been forwarded via the CM/ECF system and/or certified mail, return receipt requested on this 22nd day of July, 2010, to:

Aaron L. Mitchell
Stephen A. Melendi
Tollefson Bradley Ball & Mitchell LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204

Mary "Amy" Cazes Greene
Phelps Dunbar LLP
700 Louisiana Street, Suite 2600
Houston, Texas 77002

Gilbert T. Adams
Law Offices of Gilbert T. Adams
1855 Calder Avenue at Third
P.O. Drawer 3688
Beaumont, Texas 77704

Michael J. Truncale
Leanne Johnson
Ogain Bell & Tucker, LLP
P.O. Box 1751
Beaumont, Texas 77704

                                                        /s/W. Montgomery Briscoe_____
                                                             W. Montgomery Briscoe