IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EMPLOYERS CASUALTY INSURANCE COMPANY | § § § | |
| *Plaintiff* | § § § | |
| Vs. | § § | Case No. 1:09-cv-958 |
| NEW HORIZONS PRODUCTS, LLC, ERIC HALE WHEELER, LEE BURNS, MARIA LUISA ROCHA, INDIVIDUALLY AND AS NEXT FRIEND OF E.R. AND M.R., MINOR CHILDREN, AND AS THE REPRESENTATIVE OF THE ESTATE OF MARTIN ROSAS, JESUS ROSAS, MARIA DE JESUS, ALLALA PANIAGUA, GUMECINDO BERNABE ROSAS, WESTERN HERITAGE INSURANCE COMPANY, AND SOUTHERN OWNERS INSURANCE COMPANY | § § § § § § § § § § § § § § § § | |
| *Defendants* | § | |

**DEFENDANT SOUTHERN-OWNERS INSURANCE COMPANY'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION or Alternatively, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Subject to, and without waiving its pending Motion to Dismiss for Lack of Personal Jurisdiction, Defendant, Southern-Owners Insurance Company ("Southern-Owners"), files this, its Motion to Dismiss for Lack of Subject Matter Jurisdiction or Alternatively, Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, as authorized by Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## INTRODUCTION

1. Plaintiff is Employers Casualty Insurance Company; Defendant is Southern-Owners Insurance Company.

2. Plaintiff sued Southern-Owners in a declaratory judgment action relating to coverage under Southern-Owners' workers' compensation policy number 071722 78002358 (the "Policy") issued to New Horizon Products, LLC ("New Horizon").

3. Southern-Owners issued the Policy to its insured, New Horizon, in Florida. Although the Policy covered only worker's compensation, Plaintiff has sued Southern-Owners for failing to participate in the defense of New Horizon in the underlying lawsuit styled Cause No. 12,782; *Maria Luisa Rocha, et al. v. New Horizon Products, LLC, et al.; In the Judicial District Court of Newton County, Texas*

## SUMMARY OF THE ARGUMENT

4. Southern-Owners issued a workers' compensation policy to New Horizon for its operations in Florida. Southern-Owners was brought into this lawsuit by Plaintiff for failing to participate in the defense of their mutual insured, New Horizon, in the underlying personal injury lawsuit pending in Newton County. Plaintiff's claim against Southern-Owners should be dismissed because this Court lacks subject matter jurisdiction. Courts are not the proper forum for a worker's compensation dispute; rather, the proper forum for this type of dispute is an administrative proceeding. The Texas Workers Compensation Commission is vested with the exclusive authority to award worker's compensation benefits in Texas. The Office of the Judges of Compensation Claims is vested with exclusive authority to award worker's compensation benefits in Florida. As a result, this Court lacks subject matter jurisdiction over the claims pending against Southern-Owners in this case. Furthermore, because the proper administrative

2

remedies have not been exhausted, Plaintiff has failed to state a claim upon which relief can be granted.

**ARGUMENTS & AUTHORITIES**

5. Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party can seek dismissal of an action for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it. *Hartford Ins. Group v. Lou-Con Inc.,* 293 F.3d 908, 910 (5th Cir. 2002). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party can seek dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

6. When the legislature grants an administrative body the sole authority to make an initial determination in a dispute, the agency has exclusive jurisdiction over the dispute. *Thomas v. Lang*, 207 S.W.3d 334, 340 (Tex. 2006). If an administrative body has exclusive jurisdiction, **courts have no subject matter jurisdiction over the dispute** until the party has exhausted all of the administrative remedies within the agency. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212, 221 (Tex. 2002) (emphasis added); *In re Entergy Corp.,* 142 S.W.3d 316, 321-22 (Tex. 2004). Absent subject matter jurisdiction, the trial court must dismiss any claim within the agency's exclusive jurisdiction. *In re Entergy Corp.,* 142 S.W.3d at 322. Likewise, the case should be dismissed for failure to exhaust administrative remedies under Rule 12(b)(6). *Whitehead v. Zurich American Ins. Co.,* 348 F.3d 478, 480-81 (5th Cir. 2003); *Taylor v. United States Treasury Dept.,* 127 F.3d 470, 478 n. 8 (5th Cir.1997).

7. The Texas Workers' Compensation Act provides that the recovery of workers' compensation benefits is the **exclusive remedy** of an employee covered by workers' compensation insurance for a work related injury in Texas. TEX. LAB. CODE ANN. § 408.001(a)

3

(Vernon 2006) (emphasis added). Under the Texas Workers' Compensation Act, the Texas Workers Compensation Commission is vested with the exclusive authority to award compensation benefits, subject to judicial review. *Gregson v. Zurich American Ins. Co.,* 322 F.3d 883, 885 (5th Cir. 2003).

8. The Florida Workers' Compensation Act provides that that the recovery of workers' compensation is the **exclusive remedy** and is in place of all other liability of an employer on account of injury or death. FLORIDA STATUTES ANN. § 440.11 (emphasis added); *see also Byrd v. Richardson-Greenshields Sec., Inc.,* 552 So. 2d 1099, 1100 (Fla. 1989). The Office of the Judges of Compensation Claims has exclusive authority to award compensation benefits. *See Sanders v. City of Orlando,* 997 So.2d 1089, 1093 (Fla.2008) (noting that Florida courts have "uniformly held ... that Article V courts have *no* subject matter jurisdiction to adjudicate disputes involving workers' compensation issues.... Instead, the uniform approach has historically been that [Judges of Compensation Claims] have exclusive subject matter jurisdiction over disputed workers' compensation claim matters").

9. A party's failure to exhaust administrative remedies under the workers' compensation laws deprives the district court of jurisdiction over the party's request for judicial review. TEX. LAB. CODE ANN. § 410.251 (Vernon 2006); *Combined Specialty Ins. Co. v. Deese*, 266 S.W.3d 653, 658 (Tex. App.—Dallas 2008, no pet.). Stated differently, the exhaustion of remedies doctrine precludes a party's access to the judicial system without first seeking administrative remedy. *Golden v. Employers Ins. of Wausau*, 981 F.Supp. 467, 470 (S.D. Tex. 1997) (citing *Johnson v. American Gen. Ins. Co.*, 464 S.W.2d 83, 84 (Tex. 1971)) (holding that failure to obtain an administrative ruling on a workers' compensation claim precluded utilization of the judicial system to resolve the dispute because prior to the administrative review, a court

lacks subject matter jurisdiction). The requirement to exhaust administrative remedies prior to judicial review is satisfied only after a party's claims have been reviewed in a contested administrative hearing, followed by a timely appeal to the Division's appeals panel. *Deese*, 266 S.W.3d at 658.

10. In this case, Plaintiff has sued Southern-Owners in a declaratory judgment action in hopes that this Court will determine Southern-Owners duty to defend New Horizon in the underlying case. Plaintiff's petition states:

> 23. Southern Owners Insurance Company is not participating in the defense of New Horizon, Wheeler, and Burns against the claims of Rosas in the underlying lawsuit. Southern Owners issued a policy of workers compensation insurance to New Horizon. EMC seeks a judicial declaration regarding the applicability, if any, of the Southern Owners policy to the claims asserted in the underlying lawsuit.

*See* Plaintiff's Third Amended Petition, which is attached hereto as Exhibit A, at p. 9. Plaintiff is essentially attempting to sue Southern-Owners because Southern-Owners, New Horizon's workers' compensation carrier, has not provided a defense to New Horizon in the underlying state court personal injury lawsuit pending in Newton County, Texas. However, the Newton County case does not involve a claim for workers' compensation, and Southern-Owners owes absolutely no defense to New Horizon in a court of law, as an administrative hearing is the proper forum to determine whether workers' compensation benefits are afforded whether in Texas or in Florida. By virtue of this fact, this Court lacks subject matter jurisdiction. Additionally, Plaintiff has failed to state a claim upon which relief can be granted because all available administrative remedies have not been exhausted.

11. As noted above, the recovery of workers' compensation benefits is the *exclusive remedy* of an employee covered by workers' compensation insurance for a work related injury. TEX. LAB. CODE ANN. § 408.001(a) (emphasis added); FLORIDA STATUTES ANN. § 440.11

(emphasis added). Accordingly, the Court should dismiss Plaintiff's claim against Southern-Owners because it lands squarely within the Texas Workers Compensation Commission's exclusive jurisdiction, and until the Commission's administrative remedies are exhausted, this claim is not ripe for adjudication.

WHEREFORE, Southern-Owners Insurance Company requests the Court grant its Motion to Dismiss and dismiss the claims against Southern-Owners due to lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted.

Respectfully Submitted,

By: /s/W. Montgomery Briscoe_____
    W. Montgomery Briscoe
    State Bar No. 03014500
    Keith A. Laughery
    State Bar No. 24053316
    Stephanie E. Howell
    State Bar No. 24065453

**EGGLESTON & BRISCOE, LLP**
4800 Three Allen Center
333 Clay Street
Houston, Texas 77002
Telephone: (713) 659-5100
Fax: (713) 951-9920
wmb@egglestonbriscoe.com

ATTORNEYS FOR DEFENDANT
SOUTHERN-OWNERS INSURANCE
COMPANY

**CERTIFICATE OF SERVICE**

       I certify that a true and exact copy of the foregoing has been forwarded via the CM/ECF system and/or certified mail, return receipt requested on this 27th day of September, 2010, to:

Aaron L. Mitchell
Stephen A. Melendi
Tollefson Bradley Ball & Mitchell LLP
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204

Mary "Amy" Cazes Greene
Phelps Dunbar LLP
700 Louisiana Street, Suite 2600
Houston, Texas 77002

Gilbert T. Adams
Law Offices of Gilbert T. Adams
1855 Calder Avenue at Third
P.O. Drawer 3688
Beaumont, Texas 77704

Michael J. Truncale
Leanne Johnson
Ogain Bell & Tucker, LLP
P.O. Box 1751
Beaumont, Texas 77704

                                                /s/W. Montgomery Briscoe_____
                                                     W. Montgomery Briscoe